OPINION
{¶ 1} This is an appeal from a summary judgment granted by the Municipal Court of Mansfield, Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Complaint in this cause asserted that Appellee loaned Appellant the sum of $10,000.00 on an oral contract, repayable on demand and that a balance of $6,000.00 remains due.
 {¶ 3} Among other defenses, the answer raised illegality of the contract.
 {¶ 4} Both parties filed motions for summary judgment.
 {¶ 5} After considering the affidavits, depositions and respective briefs, the magistrate determined that Appellant's motion was not well taken and sustained that of Appellee, finding that the only issue was the amount owed being $6,000.00.
 {¶ 6} An objection to such magistrate's report was filed by Appellant.
 {¶ 7} Even though Appellant claimed that a portion of the funds received from Appellee was for the purchase of drugs, with the balance provided for obtaining legal services relative to criminal charges filed as to Appellant, the court found:
 {¶ 8} "The Court finds that at deposition the defendant stated `in 1994 he (plaintiff) gave me five thousand ($5,000.00) dollars for a lawyer. And then when I was incarcerated in the 1996, he gave my ex-wife one thousand ($1,000.00) dollars.'
 {¶ 9} "During defendant's deposition he testified that (I) `said I would pay him back' and that he (the defendant) `started to paying (sic) him back.' (transcript of deposition of defendant Timothy Client at page ten, here in after [SIC] referred to as tr. of depo.) The defendant testified that he gave the plaintiff a watch for collateral for the loan. (tr of depo at page 10) see also tr. of depo. At pages 11, 12, 13, 15, 17, 18, 21, 24, 25, 27, 28."
 {¶ 10} From this decision, two Assignments of Error are raised:
 ASSIGNMENTS OF ERROR {¶ 11} "I. There exists an issue of fact concerning the money given by appellee to appellant that precludes resolution by summary judgment.
 {¶ 12} "II. The trial court should have granted summary judgment in favor of appellant as no consideration was exchanged when appellee gave appellant the moneys at issue."
 I., II. {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 14} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 16} We find that the Appellant's deposition testimony clearly supports an indebtedness of Six Thousand ($6,000.00) dollars to obtain legal services and therefore both of the two assignments of error are rejected.
 {¶ 17} This cause is affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Mansfield, Richland County, Ohio, is affirmed. Costs assessed to Appellant.